**THE MALONEY FIRM, APC**
Patrick M. Maloney – SBN 197844
pmaloney@maloneyfirm.com
Nicole A. Poltash – SBN 323240
npoltash@maloneyfirm.com
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
Telephone: (310) 540-1505
Facsimile: (301) 540-1507

**McDONALD HOPKINS LLC**
David B. Cupar – pro hac vice application forthcoming
dcupar@ mcdonaldhopkins.com
Matthew J. Cavanagh – pro hac vice application forthcoming
mcavanagh@mcdonaldhopkins.com
Brynne A. Grady – pro hac vice application forthcoming
bgrady@mcdonaldhopkins.com
600 Superior Avenue, Suite 2100
Cleveland, Ohio   44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Counsel for Plaintiff,* SPECTRUM LABORATORIES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, an Ohio limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL TANDBERG, an individual, SYNTHETIX5, a business entity of form unknown,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL** |

00159995.DOC

1

**COMPLAINT**

THE MALONEY FIRM, APC
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
(310) 540-1505

THE MALONEY FIRM, APC
2381 Rosecrans Avenue, Suite 405
El Segundo, California 90245
(310) 540-1505

For its complaint, plaintiff Spectrum Laboratories, LLC ("Spectrum Labs") alleges as follows:

## INTRODUCTION

1.      This is an action for damages and injunctive relief to remedy the infringement by defendants Michael Tandberg ("Tandberg") and Sythetix5 (collectively "Defendants") of United States Patent No. 7,192,776 (the "'776 patent") and United States Patent No. 9,128,105 B2 (the "'105 patent") (collectively the "Patents").

2.      The Patents are directed to synthetic urine and methods of manufacturing same.

## PARTIES, JURISDICTION, AND VENUE

3.      Spectrum Labs is an Ohio limited liability company with a principal place of business in Ohio.

4.      Tandberg is an individual residing in Newport Beach, California.

5.      Upon information and belief, Synthetix5 is a business entity of form unknown that is qualified to do business in the State of California.

6.      This Court has subject matter jurisdiction over Spectrum Labs' patent infringement claim under 28 U.S.C. §§ 1331 and 1338 because it arises under federal law.

7.      This Court has personal jurisdiction over Tandberg because Tandberg resides in California.

8.      This Court has personal jurisdiction over Synthetix5 on various grounds, including, without limitation, because, upon information and belief, it is located in and does business in California.

9.      Venue is proper under 28 U.S.C. §§ 1391 and 1400 because, upon information and belief, Synthetix5 is located in and does business in California.

# RELEVANT FACTS

## I.   Spectrum Labs' Legal Rights.

10.   Spectrum Labs owns, markets, and sells a synthetic urine product called "Quick Fix."

11.   The '776 patent issued on March 20, 2007 and claims a synthetic urine solution and the method of its manufacture.

12.   On March 4, 2008, the inventor of the '776 patent, James Matthew Stephens ("Stephens"), assigned his ownership of that patent to Spectrum Labs.

13.   On January 4, 2010, Stephens executed a "nunc pro tunc" assignment document that memorialized the assignment, which was recorded with the United States Patent and Trademark Office ("USPTO") on February 15, 2010.

14.   The validity of the '776 patent, which protects a wide variety of products, was recently upheld by the United States District Court for the Southern District of California in *Stephens v. Dr. Greens, Inc.*, Case No. 3:11-cv-00638. The *Stephens* Court granted summary judgment in favor of Spectrum Labs on the infringer's claim of invalidity, thereby finding the '776 patent to be valid. *See* Am. Compl. ¶¶ 90-98 (ECF #54); Spectrum Labs' Mem. of P. & A. in Supp. of Am. Mot. for Summ. J. on Counts LB, II-VI of Am. Compl. (ECF #203); Order (ECF #285). Spectrum Labs ultimately won the entire case at trial and successfully obtained a jury verdict and judgment of willful patent infringement. *See* Special Verdict Form (ECF #326).

15.   The '105 patent issued on September 8, 2015 and is directed to a urea-based synthetic urine solution and the method of its manufacture.

16.   Spectrum Labs owns the '105 patent.

## II.   Synthetix5's Infringement of the Patents.

17.   Defendants are making, importing, using, selling, and/or offering to sell synthetic urine products in the United States that are covered by one or more claims

of each of the Patents, including but not limited to the "Synthetix5" product (the "Accused Product").

18.     To try and resolve the dispute and end Defendants' infringement without suing, Spectrum Labs' attorney wrote to a letter to Tandberg and Synthetix5 on April 5, 2019.  The letter informed them that Synthetix5 was infringing Spectrum Labs' Patents and asked Synthetix5 to: "[c]ease and desist making, using, importing, offering to sell, or selling synthetic urine"; "[p]rovide a full written accounting of all sales of synthetic urine by Synthetix5 for the past six years"; and "[a]dvise any and all third parties associated with Synthetix5 or its products . . . to immediately cease using, manufacturing, selling, offering for sale, importing, and marketing synthetic urine . . . ."  Spectrum Labs asked Tandberg and Synthetix5 to respond to its letter indicating that Synthetix5 would comply by April 19, 2019. Spectrum Labs' letter to Synthetix5 is attached hereto as Exhibit A.

19.     Neither Tandberg nor Synthetix5 have not responded to Spectrum's April 5, 2019 correspondence.

## COUNT ONE

### INFRINGEMENT OF THE '776 PATENT UNDER 35 U.S.C. § 271

### By Spectrum Labs against Defendants

20.     Spectrum Labs incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

21.     Defendants have directly infringed, and continue to directly infringe, one or more claims of the '776 patent by making, using, selling, and/or offering to sell synthetic urine products covered by the '776 patent.

22.     As an illustrative example shown below, the Accused Product has each of the limitations in at least claim 1 of the '776 patent. The description of the Accused Product below shows that the Accused Product infringes at least claim 1 of the '776 patent.

| | | Claim Limitation | Element of Accused Product |
|---|---|---|---|
| | **1** | A synthetic urine solution comprising: | The Accused Product is a synthetic urine solution. |
| | | water having a pH between 3 and 10; | The Accused Product includes water that has a pH between 3 and 10. |
| | | creatinine and a biocide, said creatinine and biocide dissolved within said water to form a solution exhibiting a specific gravity and said creatinine and biocide selected in relative concentrations to minimize sepsis; | The Accused Product contains creatinine and a biocide. The biocide is dissolved within water, forming a solution that exhibits a specific gravity. The creatinine and biocide were selected in relative concentrations to minimize sepsis. |
| | | at least one dissociated ionic compound also dissolved within said solution to adjust the specific gravity of the solution to between 1.005 g/cm3 and 1.025 g/cm3; and | There is at least one dissociated ionic compound dissolved within the solution to adjust the specific gravity of the solution to between 1.005 g/cm3 and 1.025 g/cm3. |
| | | wherein said biocide is selected from the group consisting of 2-bromo-4-hydroxyacetophenone, bronopols, carbamates, chlorothioethers, 2-2-Dibromo-3-nitrilopropionarnide, 2-(Decylthio)ethanarnine, glutaraldehydes, isothiazolines, Methylene bis(thiocyanate), polyquat, Alkyldimethylbenzylammonium chloride, sulfones, Bis(tributyltin) oxide, tertbuthylazines, Tetrachloro-2, 4,6-cyano-3-benzonitrile, 2 (thiocyanomethylthio) benzothiazole, thiones, Tetrakish(hydroxymethyl) phosphoniumsulfate, Tributyltetradecylphosphonium chloride, peroxides, hypochlorites, and super oxides. | The Accused Product contains isothiazolines, which is one of the biocides listed in claim 1. |

**COMPLAINT**

23.     Defendants have also contributorily infringed and induced infringement of the '776 patent at least because, with knowledge of the '776 patent, they intentionally and actively induced end users of the Accused Product to use it in a manner that infringes the '776 patent with specific intent that they do so.

24.     To the extent Defendants have directed others to manufacture its synthetic urine products, they has actively induced infringement of the '776 patent under 35 U.S.C. § 271(b).

25.     Defendants have further induced infringement of the '776 patent at least by selling the Accused Product to distributors, retailers, and/or other resellers with specific intent that they infringe the '776 patent by reselling the Accused Product to others.

26.     Defendants' infringement of the '776 patent was, and continues to be, willful and deliberate, and Defendants likely will continue their infringing activities unless restrained by this Court.

27.     Defendants' activities were done with an intent to, and in fact did allow Defendants to derive benefit from use of Spectrum's '776 patent.

28.     Defendants have profited, and will continue to profit, by their infringing activities.

29.     Spectrum Labs has been damaged by Defendants' infringing activities and will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## COUNT TWO

## INFRINGEMENT OF THE '105 PATENT UNDER 35 U.S.C. § 271

### By Spectrum Labs against Defendants

30.     Spectrum Labs incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

31.     Defendants have directly infringed, and continue to directly infringe, one or more claims of the '105 patent by making, using, selling, and/or offering to sell synthetic urine products covered by the '105 patent.

32.     As an illustrative example shown below, the Accused Product has each of the limitations in at least claim 1 of the '105 patent. The description of the Accused Product below shows that the Accused Product infringes at least claim 1 of the '105 patent.

| | Claim Limitation | Element of Accused Product |
|---|---|---|
| 1 | A synthetic urine solution comprising: | The Accused Product is a synthetic urine solution. |
| | water having a pH between about 3 and about 10; | The Accused Product includes water that has a pH between 3 and 10. |
| | creatinine and a biocide, said creatinine and biocide dissolved within said water to form a solution exhibiting a specific gravity and said creatinine and biocide selected in relative concentrations to minimize sepsis; | The Accused Product contains creatinine and a biocide. The biocide is dissolved within water, forming a solution that exhibits a specific gravity. The creatinine and biocide were selected in relative concentrations to minimize sepsis. |
| | at least one dissociated ionic compound also dissolved within said solution to adjust the specific gravity of the solution to between 1.005 g/cm3 and 1.025 g/cm3; | There is at least one dissociated ionic compound dissolved within the solution to adjust the specific gravity of the solution to between 1.005 g/cm3 and 1.025 g/cm3. |

| | |
|---|---|
| wherein said biocide is selected from at least one of 2-bromo-4-hydroxyacetophenone, bronopols, carbamates, chlorothioethers, 2-2-Dibromo-3-nitrilopropiona-mide, 2-(Decylthio)ethanamine, glutaraldehydes, isothiazolines, Methylene bis(thiocyanate), polyquats, Alkyldimethylbenzylammoniwn chloride, sulfones, bis (tributyltin) oxide, tertbuthylazines, Tetrachloro-2,4,6-cyano-3-benzonitrile, 2(thiocyanomethylthio)ben-zothiazole, thiones, Tetrakish(hydroxymethyl) phosphonium sulfate, Tributyltetradecylphosphonium chloride, peroxides, hypochlorites, and super oxides; | The Accused Product contains isothiazolines, which is one of the biocides listed in claim 1. |
| at least one urea compound provided in conjunction with the synthetic urine solution, wherein the at least one urea compound is carbamide peroxide, and optionally allantion and optionally hydantoin. | At least one urea compound is provided in conjunction with the Accused Product. The at least one urea compound provided with the Accused Product is believed carbamide peroxide, allantion, or hydantoin. |

33.    Defendants have directly infringed, and continue to directly infringe, one or more claims of the '105 patent by making, using, selling, and/or offering to sell synthetic urine products covered by the '105 patent.

34.    Defendants have contributorily infringed and induced infringement of the '105 patent. With knowledge of the '105 patent, they intentionally and actively induced end users of the Accused Product to use it in a manner that infringes the '105 patent with specific intent that they do so.

35.    To the extent Defendants have directed others to manufacture its synthetic urine products, they has actively induced infringement of the '105 patent under 35 U.S.C. § 271(b).

36.    Defendants have further induced infringement of the '105 patent at least by selling the Accused Product to distributors, retailers, and/or other resellers with specific intent that they infringe the '105 patent by reselling the Accused Product to others.

37.    Defendants' infringement of the '105 patent was, and continues to be, willful and deliberate, and Defendants likely will continue its infringing activities unless restrained by this Court.

38.    Defendants' activities were done with an intent to, and in fact did allow Defendants to derive benefit from use of Spectrum's '105 patent.

39.    Defendants have profited, and will continue to profit, by its infringing activities.

40.    Spectrum Labs has been damaged by Defendants' infringing activities and will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Spectrum Labs prays for judgment against Defendants as follows:

A.    A finding that Defendants have infringed one or more claims of the '776 patent;

B.    A finding that Defendants have infringed one or more claims of the '105 patent;

C.    Preliminary and permanent injunctive relief enjoining Defendants, its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in

1   privity with it, and all others aiding, abetting, or acting in concert

2   or active participation therewith, from continuing to infringe the

3   '776 patent;

4   D.   Preliminary and permanent injunctive relief enjoining Defendants,

5   its officers, directors, managers, employees, affiliates, agents,

6   representatives, parents, subsidiaries, successors, assigns, those in

7   privity with it, and all others aiding, abetting, or acting in concert

8   or active participation therewith, from continuing to infringe the

9   '105 patent;

10   E.   Compensatory damages;

11   F.   Treble damages;

12   G.   Punitive damages;

13   H.   An accounting and disgorgement of all sales, revenues, and profits

14   derived from Defendants' wrongful conduct;

15   I.   Attorneys' fees;

16   J.   Pre-judgment and post-judgment interest;

17   K.   Costs of the action; and

18   L.   Such other and further relief as allowed at law or in equity that the

19   Court deems to be appropriate.

20

21   Dated: May 20, 2019

/s/ Nicole A. Poltash
_____

22
NICOLE A. POLTASH
npoltash@maloneyfirm.com

23
THE MALONEY FIRM, APC
2381 Rosecrans Avenue, Suite 405

24
El Segundo, California 90245

25
Telephone: (310) 540-1505
Facsimile: (301) 540-1507

26

27
*Counsel for Plaintiff,*

28
SPECTRUM LABORATORIES, LLC

**COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2         Plaintiff Spectrum Laboratories, LLC hereby demands a jury trial for all issues

3 so triable.

4

5

6 Dated: May 20, 2019

/s/ Nicole A. Poltash

7

_____

NICOLE A. POLTASH

8 npoltash@maloneyfirm.com

THE MALONEY FIRM, APC

9 2381 Rosecrans Avenue, Suite 405

El Segundo, California 90245

10 Telephone: (310) 540-1505

Facsimile: (301) 540-1507

11

12

*Counsel for Plaintiff,*

13 SPECTRUM LABORATORIES, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00159995.DOC

11

**COMPLAINT**