PATRICK M. MALONEY (SBN 197844)
NICOLE A. POTASH (SBN 323240)
THE MALONEY FIRM, APC
2381 Rosecrans Ave., Suite 405
El Segundo, California 90245
Tel: 310-540-1505 │ Fax: 310-540-1507
pmaloney@maloneyfirm.com
npoltash@maloneyfirm.com

DAVID B. CUPAR (*Pro Hac Vice*)
MATTHEW J. CAVANAGH (*Pro Hac Vice*)
McDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone:    (216) 348-5730
Facsimile:    (216) 348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Plaintiff and Counterclaim-Defendant
SPECTRUM LABORATORIES, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### CENTRAL DIVISION

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL TANDBERG ET AL.,<br><br>Defendants.<br>——————————————<br>MICHAEL TANDBERG,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>SPECTRUM LABORATORIES, LLC,<br><br>Counterclaim-Defendant. | Case No. 8:19-cv-00962-GW-AGR<br><br>**SPECTRUM LABORATORIES' OPPOSITION TO MOTION TO STRIKE PROOF OF SERVICE ON DEFENDANT SYNTHETIX5**<br><br>Date:        September 5, 2019<br>Time:        8:30 A.M.<br>Courtroom:   9D<br><br>Judge:       Hon. George H. Wu |

Plaintiff Spectrum Laboratories, LLC ("Spectrum") opposes defendant Michael Tandberg's ("Tandberg's") Motion to Strike Proof of Service of Summons and Complaint on Defendant Synthetix5 (ECF #36).

Tandberg moves to strike the proof of service upon defendant Synthetix5 based on his assertion that he is no longer associated with Synthetix5. (*See* Tandberg Decl. ¶ 11, ECF #36-3.) The Court should deny Tandberg's motion for at least two reasons.

First, a motion to strike is not the proper procedural mechanism for determining whether service on Synthetix5 was proper. A strike remedy is unusual and reserved for filings that violate Court rules, orders, or contracts. Spectrum filing a proof of service is not only proper, but it is <u>mandated</u> by Rule 4(l) of the Federal Rules of Civil Procedure. Thus, the proof of service filings should not be stricken. Whether the service described in the proof of service was sufficient to perfect service a separate question that is not yet ripe for determination, especially on an incomplete factual record. The procedural mechanisms for raising that question are a Rule 55 motion for default judgment or a Rule 12(b)(5) motion to dismiss for insufficient service of process.[1] A motion to strike is improper for answering that question, and Tandberg does not cite a single case suggesting, let alone holding, that a motion to strike is a proper way to challenge service.

Second, there was nothing improper in Spectrum taking the position, at this stage, that service on Tandberg equates with service of Synthethix5. Tandberg admits he owned and operated Synthetix5 through his Lahar Mfg., Inc.; he admits he was authorized to accept service on behalf of Lahar; and admits he was the President and sole Director of Lahar. (Tandberg Decl. ¶¶ 6, 10, ECF #36-3.) While he dissolved Lahar in October 2015, he did so under dubious circumstances, namely, at

---

[1] If Synthetix5 were to move to dismiss on this basis, Spectrum would respectfully ask for written discovery and likely a deposition to rebut defendant's evidence, to discover information and documents concerning the Synthetix5 business, and to fairly respond to Synthetix5's motion.

a time when he was illegally laundering money through the company (*see infra* at p. 5). Because the Synthetix5 business continued to operate after Lahar dissolved in the exact same manner and continued to sell the exact same infringing *Synthethix5* product, it is reasonable to infer that Tandberg continued (and continues) to operate and profit from the business as an individual or through a different corporation. Thus, serving him is proper because he is an officer, managing agent, and general agent of Synthetix5. *See* Fed. R. Civ. P. 4(h)(1)(B).

If Tandberg truly is no longer involved with Synthetix5, then he should tell the Court and Spectrum to whom he transferred the business and who is now responsible for it. The fact that he will not do so—despite Spectrum's request for that information—confirms that either he (a) is still involved, or (b) is helping some John Doe infringer conceal its identity and avoid service. The Court should not reward this gameplay by Tandberg, deny Tandberg's motion, and order him to divulge what he knows about the ownership of Synthetix5 since the time Lahar dissolved in October 2015.

## I.     Tandberg's Motion is Procedurally Improper.

Tandberg's motion should be denied because a motion to strike is not the proper way to challenge sufficiency of process.

Tandberg moves to strike the proof of service based on this Court's "inherent powers" to strike materials "reflecting procedural impropriety or lack of compliance with court rules or orders." (Br. 3, ECF #36-1 (quoting *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW(DMR), 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010).) In both cases cited by Tandberg, the district court exercised its inherent power to strike confidential settlement information from the docket—a factually inapposite situation. In *Jones*, a party violated the Court's ADR Local Rules regarding confidentiality. *Id.* In *Ready*, a party breached the confidentiality of a settlement agreement. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403-04 (9th Cir. 2010). In each case, striking the material from the docket was appropriate because the filings were

procedurally improper and, in both cases, striking the document was the best (if not only) way to preserve confidentiality and thus to remedy the wrong.

Here, Tandberg cites no rule violation, litigation misconduct, or a breach of a contract that would require a strike order as a remedy. Indeed, the Federal Rules mandate filing of proof of service. Fed. R. Civ. P. 4(l). Thus, Spectrum filing proofs of service is not improper nor grounds for striking that filing. Furthermore, the unusual remedy of striking is unnecessary because, unlike in *Jones* and *Ready*, there is no harm in leaving the proof of service on the docket. In fact, the filings should be maintained—and not stricken—to preserve a proper record of the case on the docket. Whether service was properly perfected as to Synthethix5 is a different question for another day.

Again, the proper way for resolving whether service was perfected on Synthetix5 is by motion for default judgment under Rule 55 or a motion to dismiss for insufficient service of process under Rule 12. A motion to strike is itself improper for testing the sufficiency of service. Because no party has moved for default or to dismiss—and without discovery on the Synthetix5 business—the question of whether service was sufficient upon Synthetix5 is not yet ripe for determination. This is why Tandberg is unable to cite any caselaw that would support striking a proof of service affidavit when the individual who was served challenges his capacity to accept service on behalf of a defendant.

The Court should deny the motion to strike accordingly.

**II.** **Spectrum has more than a sufficient basis for contending that service on Tandberg equals service on Synthetix5.**

Because Tandberg's motion is procedurally improper, the Court should deny it without considering the merits of whether service on Synthetix5 was proper. Nonetheless, because Tandberg has accused Spectrum of filing an improper proof of service, Spectrum explains here that it has more than a reasonable and good faith basis to believe service on Tandberg perfects service on Synthetix5.

As Tandberg's declaration and brief concede, he owned and operated Synthetix5 as a dba through his corporation "Lahar Mfg., Inc." (Tandberg Decl. ¶¶ 5, 6, 10, ECF #36-3.) Tandberg says he dissolved Lahar in October 2015. (*Id.* ¶ 7.) What Tandberg does not say, and refuses to say, however, is who continued operating and profiting from the Synthetix5 business after Lahar dissolved. Despite Lahar dissolving in October 2015, the Synthetix5 website remained active and materially the same after the dissolution. (Cavanagh Decl. ¶¶ 5-7, att'd.) After October 2015, the website continued offering and selling the same infringing Synthetix5 product in the same exact packaging as before and continues to do so. (*Id.*) It is more than a reasonable, therefore, to infer that Tandberg continued to operate the Synthetix5 business as a dba or through some other business owned by Tandberg.

This is especially so when one considers the following three facts. First, the circumstances under which Tandberg dissolved Lahar are dubious. In a federal criminal case against him, Tandberg pleaded guilty to a money laundering charge and admitted that from January 2014 to August 2015, he was using Lahar to launder the proceeds from illegal sales of butane kits for processing THC from marijuana. (*See* Cavanagh Decl. ¶ 9, att'd, and Exs. A and B.) Given that Tandberg was using Lahar to commit crimes in 2015, it's not a stretch to conclude that when he dissolved the company in October 2015, he transferred the Synthetix5 business to a different company owned by him or has been operating it himself as a dba.

Second, Tandberg will not say who currently owns, operates, and profits from the Synthetix5 business. When Tandberg raised the possibility of moving to strike the proof of service, Spectrum asked the simple and straightforward question of who did Tandberg transfer the business to. (*See* July 30, 2019 email from D. Cupar to M. Ahmadshahi, ECF #36-5 at p.1-2.) Tandberg ignored Spectrum's simple question and moved to strike. His silence speaks volumes. If Tandberg truly is not involved in the business and is not receiving money from Synthetix5's infringing sales, then he

should simply tell Spectrum and this Court what business or individual currently owns, operates, and profits from the business. If Tandberg is telling the truth when he says he's no longer "associated" with the business, then he must know who now owns the business. It's inconceivable that Tandberg abandoned the business in 2015 and some unknown stranger came along, picked up all of Synthethix5 assets, obtained access to the *<synthetix5.com>* domain name, and was able to duplicate the Synthetix5 product, packaging, and website all without Tandberg's knowledge and involvement. Tandberg's silence is itself evidence of a guilty mind.

Because Tandberg will not voluntarily disclose what happened to the Synthethix5 business after Lahar's October 2015 dissolution, Spectrum must seek to compel that information from Tandberg through written discovery and deposition. Without that evidence, it is premature to decide with finality whether service on Tandberg equals service on Synthetix5. Thus, the Court should deny Tandberg's motion for that separate reason.

Third, the Synthetix5 website does not identify the name of the company or individual that owns and operates the business, nor does it provide any contact information. (Cavanagh Decl. ¶ 8; *see also* synthetix5.com.) Legitimate websites run by legitimate businesses typically disclose the name and contact information for the business owner, usually in the "About Us" page. The fact that the Synthetix5 website conceals the name and contact information for the owner, leaves Spectrum with no choice but to assume that the last known owner, Mr. Tandberg, still owns the business. Tandberg is either concealing himself as the owner or, at a minimum, knows who is now behind the website and is complicit in helping that person or business conceal its his identity. Either way, striking a proof of service is not the appropriate response. Rather, the Court should compel Tandberg to say to whom he transferred the business if Tandberg continues to maintain that he no longer is involved with the business.

1

## <u>Conclusion</u>

2

For the foregoing reasons, the Court should deny Tandberg's motion.

3

Respectfully submitted,

4

5      /s/ Matthew J. Cavanagh
DAVID B. CUPAR (*Pro Hac Vice*)
MATTHEW J. CAVANAGH (*Pro Hac Vice*)
6      McDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
7      Cleveland, OH 44114
Telephone:     (216) 348-5730
8      Facsimile:      (216) 348-5474
dcupar@mcdonaldhopkins.com
9      mcavanagh@mcdonaldhopkins.com

10     and

11     PATRICK M. MALONEY (SBN 197844)
NICOLE A. POTASH (SBN 323240)
12     THE MALONEY FIRM, APC
2381 Rosecrans Ave., Suite 405
13     El Segundo, California 90245
Tel: 310-540-1505 │ Fax: 310-540-1507
14     pmaloney@maloneyfirm.com
npoltash@maloneyfirm.com

15

16     Attorneys for Plaintiff and
Counterclaim-Defendant
17     SPECTRUM LABORATORIES,
LLC

18

19

20

21

22

23

24

25

26

27

28

SPECTRUM LABORATORIES' OPPOSITION TO MOTION TO STRIKE