PATRICK M. MALONEY (SBN 197844)
NICOLE A. POTASH (SBN 323420)
THE MALONEY FIRM, APC
2381 Rosecrans Ave., Suite 405
El Segundo, California 90245
Tel: (310) 540-1505 |
Fax: (310) 540-1507
pmaloney@maloneyfirm.com
npoltash@maloneyfirm.com

DAVID B. CUPAR (*Pro Hac Vice*)
MATTHEW J. CAVANAGH (*Pro Hac Vice*)
McDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Tel: (216) 348-5730
Fax: (216) 348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Plaintiff and Counterclaim-Defendant
Spectrum Laboratories, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| SPECTRUM LABORATORIES, LLC, | Case No. 8:19-cv-00962-GW-AGR |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | [Fed. R. Civ. Proc.26(f)] |
| MICHAEL TANDBERG ET AL., | Scheduling Conf |
| Defendants. | Courtroom: 9D<br>Judge: Hon. George H. Wu |
| MICHAEL TANDBERG, | |
| Counterclaimant, | |
| v. | |
| SPECTRUM LABORATORIES, LLC, | |
| Counter-Defendant. | |

{8316231: }_____

JOINT RULE 26(f) REPORT

-1-

Plaintiff, SPECTRUM LABORATORIES, LLC ("Spectrum" or "Plaintiff") and Defendant MICHAEL TANDBERG ("Tandberg" or "Defendant") (collectively the "Parties") by and through their respective counsel of record, submit the following Joint Rule 26(f) Report.

On August 28, 2019, counsel for the Parties conducted the initial meeting of counsel pursuant to Federal Rule of Civil Procedure 26(f). Matthew J. Cavanagh participated on behalf of Plaintiff, and Michael Ahmadshahi participated on behalf of Defendant.

## A.   Statement of the Case

### 1.   *Plaintiff's Statement*:

Plaintiff alleges that Defendant has infringed, and is continuing to infringe, two of Plaintiff's patents: U.S. Patent Nos. 7,192,776 (the "'776 patent") and 9,128,105 (the "'105 patent"). Plaintiff seeks money damages and injunctive relief.

### 2.   *Defendant's Statement:*

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as both parties' claims arise under the patent laws of the United States.

Tandberg submits that personal, subject matter jurisdiction, and venue are not contested as to the claims presently pending before this Court.  Tandberg reserves all right to contest jurisdiction and venue in connection with any additional potential claims asserted by Spectrum.

Spectrum asserts infringement pursuant to 35 U.S.C. §271 of United States Patent No. 7,192,776 (the "'776 patent") and United States Patent No. 9,128,105 B2 (the "'105 patent") (collectively the "Patents") against Defendant Tandberg. Tandberg denies committing, or being liable for, any act of patent infringement and further denies that Spectrum is entitled to any relief from Tandberg.  Tandberg further denies that the Patents are valid and/or enforceable.

Tandberg asserts various Affirmative Defenses against the Complaint.

{8316231: }

Specifically, Tandberg asserts that the Patents are not infringed, and further that the claims of the Patents are invalid and/or unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

Tandberg further asserts that the Complaint fails to state a claim upon which relief can be granted, that Spectrum's claims are barred by the doctrine of Res Judicata and Collateral Estoppel, unclean hands, laches, waiver and/or estoppel, and are further barred in whole or in part by the applicable statute of limitations.

Tandberg asserts counterclaims against Spectrum for declaratory relief based upon Spectrum's wrongful assertion of the Patents against Tandberg because Tandberg has not infringed and does not infringe any claim of the Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement). Tandberg Further assert counterclaims against Spectrum for declaratory relief because the claims of the Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 116 and the rules, regulations, and laws pertaining thereto (the "Counterclaim").

**B.**    **Subject Matter Jurisdiction**

Because this is a patent infringement case, this Court has federal-question subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

**C.**    **Legal Issues**

Based on the allegations set forth in the pleadings, the Parties agree that the key legal issues include:

- Whether Defendant has infringed the '776 and '105 patents.
- The appropriate amount of damages, if any, to award to Plaintiff under 35 U.S.C. § 284.
- Whether Defendant's alleged infringement was willful.
- Whether the case is exceptional under 35 U.S.C. § 285 and whether

attorney fees should be awarded under that statute.

- Whether the Court should award enhanced or treble damages under 35 U.S.C. § 284.
- Whether the Court should enter an injunction enjoining Defendant against future infringement of each Spectrum patent.
- Whether Defendant can rebut each patent's presumption of validity with clear and convincing evidence.

1. ***Plaintiff's Parties, Witnesses and Key Documents*:**

Parties: Plaintiff Spectrum Laboratories

Witnesses:

- James Matthew Stephens;
- Michael Tandberg;
- Corporate representatives and/or designees for Synthetix5;
- Any additional witnesses that Plaintiff discovers in discovery;
- Expert witnesses are yet to be identified.

Key Documents:

- The '105 and '776 patents.
- Records relating to infringing products made, used, sold, offered for sale, and/or imported by Defendant that are in Defendant's possession, custody, or control or in the possession custody, or control of third-parties, including (without limitation) production records, formula records, chemical testing/analysis records, purchasing/sales records, product or chemical specifications, marketing materials, engineering records, product samples, research and development records, and written communications.
- Records evidencing or concerning Defendant's knowledge of Plaintiff, Plaintiff's patented products, or Plaintiff's patents that are in Defendant's possession, custody, or control or in the possession

custody, or control of third-parties.

**2.** ***Defendant's Parties, Witnesses and Key Documents*:**

Defendant has not yet served its Initial Disclosures pursuant to Rule 26(a)1(A) of the Federal Rules of Civil Procedure. Defendant intends to serve its Initial Disclosures on or before September 11, 2019, which is 14 days after the parties conducted the Rule 26(f) Conference in this proceeding on August 28, 2019.  Such disclosures will identify the information required by Rule 26(a) of the Federal Rules of Civil Procedure.

**D.   Damages**

Plaintiff seeks compensatory damages under 35 U.S.C. § 284, treble damages under § 284, attorneys' fees under § 285, and litigation-related expenses and costs under at least § 285, Rule 54, and the Court's inherent authority. Plaintiff is unable to reasonably estimate its damages because it has not yet obtained discovery from Defendant regarding the size and scope of infringement, the number of infringing sales, and the financials related to Defendant's infringement.

Defendant disputes Plaintiff's entitlement to any relief, including but not limited to damages, attorneys' fees and/or costs, and its measure of claimed damages. Defendant, in its Counterclaim, seeks declaratory relief against Plaintiff, as wells as a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Defendant of his costs and attorneys' fees incurred in this action.

**E.   Insurance**

The Parties are not aware of any insurance policy that covers this matter at this time.

**F.   Motions Regarding Parties and Pleadings**

**1.   *Plaintiff's Statement.***

The Parties dispute whether serving Michael Tandberg perfects service as to his co-defendant Synthetix5. Plaintiff alleges that: (i) Mr. Tandberg owned and

{8316231: }

operated Synthetix5 through his company Lahar Mfg., Inc., (ii) Mr. Tandberg dissolved Lahar Mfg., Inc. in October 2015, and (iii) the Synthetix5 business continues to operate and sell product. The parties dispute Mr. Tandberg's involvement with Synthethix5 after Lahar's dissolution in October 2015.

Defendant has moved to strike the proof of service for Synthethix5 filed by Plaintiff. Plaintiff opposes that motion because a motion to strike is not the proper procedural mechanism for challenging sufficiency of service and Plaintiff has more than a reasonable factual basis to assert that Mr. Tandberg is still involved with the Synthetix5 business.

Plaintiff intends to seek and obtain discovery from Mr. Tandberg regarding ownership, control, and other aspects of Synthetix5 after Lahar dissolved. If that discovery identifies other individuals or businesses involved in Synthetix5's patent infringement, Plaintiff may (and likely will) seek leave to amend its complaint to add them to the action.

  **2.** *Defendant's Statement.*

Defendant has filed a motion to strike Proof of Service of Summons and Complaint on Defendant Synthetix5.

**G.** <u>**Manual for Complex Litigation**</u>

The Parties do not believe this action would benefit from use of procedures set forth in the MCL.

**H.** <u>**Status of Discovery**</u>

The Parties have agreed to exchange initial disclosures by September 26, 2019. No other discovery has been conducted at this time.

**I.** <u>**Discovery Plan**</u>

The Parties intend to conduct standard discovery, including depositions, written discovery requests, and expert reports and testimony, on the above stated litigation issues by the proposed cut-off date of September 10, 2020.

{8316231: }

### 1.    *Plaintiff's Statement Regarding Discovery*

Plaintiff is preparing to serve interrogatories, requests for admission, and document requests. Plaintiff anticipates deposing Defendant regarding the facts and issues in this action.  Plaintiff additionally intends to depose key witnesses with personal knowledge of the transactions and occurrences at issue in this action, as they are identified through document productions and written discovery. Finally, Plaintiff intends to provide expert opinion testimony on liability and damages. Plaintiff reserves the right to depose other witnesses whose identities are currently unknown to Plaintiff.

### 2.    *Defendant's Statement Regarding Discovery*

With respect to the timing, form, and requirement for disclosures, Defendant does not believe that any changes need to be made, or that discovery should be conducted in phases or otherwise limited beyond the limitations of the Federal Rules of Civil Procedure. Defendant presently intends to conduct the following discovery: depositions of Plaintiff, request for production of documents to Plaintiff, interrogatories to Plaintiff; request for admissions to Plaintiff, and expert discovery.

Tandberg anticipates the scope of discovery will include, but not necessarily be limited to, the following:

1. The inventors' knowledge related to the prior art;
2. The ownership of the Patents;
3. Spectrum's licensing, including settlement agreements, of the Patents;
4. Information concerning the purported irreparable harm to Spectrum;
5. Third-party discovery concerning publicly-available information that described synthetic urine that pre-date the alleged inventions of the Patents;
6. Alleged damages to Spectrum;

{8316231: }_____

7. Spectrum's communications with other individuals and/or entities, including Tandberg, concerning potential infringement of the Patents;

8. Spectrum's knowledge of the accused device and its manufacturing process;

9. Any of the subjects identified by Spectrum and any additional discovery that may become necessary as the Parties' facts and arguments are developed.

Defendant does not yet know how many depositions will be necessary. At this time Defendant anticipates it will need to take at least the depositions of James Matthew Stephens, the attorney(s) who filed for and/or prosecuted the Patents, the Plaintiff, including depositions of witnesses deposed under Rule 30(b)(6) and Plaintiff's expert(s), for seven (7) hours of deposition time per person.

### 3. Electronically Stored Data

The Parties do not anticipate any issues relating to the discovery or disclosure of electronically stored information.

### 4. Privilege Issues/Protected Information

The Parties agree that a party will serve any privilege log pertaining to a production request within one month after the party produces documents. The Parties additionally agree that a party need not identify information or documents withheld from production on grounds of privilege to the extent such information or documents were generated after the commencement of this action, though the parties reserve the right to request such information at a later time. The Parties anticipate moving for a stipulated protective order to protect confidential, highly confidential, and competitively-sensitive information exchanged in discovery.

{8316231: }

**5.** ***Changes To Discovery Limits***

The Parties agree that no changes are needed in the limitations on discovery imposed under the rules or by local rule, or that this Court should impose other limitations.

**J.   Discovery Cut-Off**

All non-expert discovery shall be commenced or served in time to be completed by May 31, 2020.  All discovery (including expert discovery) shall be completed by September 10, 2020.

**K.   Expert Discovery**

The Parties anticipate providing retained and non-retained expert opinion testimony.

The Parties do not request changes regarding Rule 26(a)(2) expert disclosures, limitation to discovery, or timetable at this time. The Parties propose a deadline of June 30, 2020 for the initial expert disclosure and report; a deadline of August 15, 2020 for the expert rebuttal disclosures and reports, and an expert discovery cut off deadline of September 10, 2020.

**L.   Dispositive Motions**

The Parties reserve the right to file dispositive or partially dispositive motions as appropriately supported by evidence revealed through discovery.  The Parties request the court to set October 10, 2020 as the last date for a dispositive motion to be filed.

**M.   Settlement**

Pursuant to the Court-Directed ADR program, the Parties believe the case is best suited for mediation with the Court Mediation Panel, ADR Procedure No. 2 from Local Rule 16-15.4 (ADR PROCEDURE NO. 2- The parties shall appear before a neutral selected from the Court's Mediation Panel).

**N.   Scheduling Order and Pretrial Conference**

The Parties do not anticipate requesting any additional orders under Rules

16(b) or 16(c), other than the scheduling order and pre-trial conference order that the court typically issues in the typical course of litigation or sees fit to issue in this case. The Parties reserve the right to request a modification of the scheduling order on an appropriate showing of good cause.

**O.   Trial Length Estimate**

The Parties agree that, unless the case is resolved through settlement or on motion, trial will be by jury for an estimated length of five court days.

**P.   Trial Counsel**

Plaintiff: David Cupar

Defendant:  Michael Ahmadshahi

**Q.   Independent Expert or Master**

The Parties do not anticipate the need for a master or an independent scientific expert.

**R.   Proposed Dates**

The parties propose the following litigation deadlines:

a.   Last day to amend pleadings or add parties: December 31, 2019

b.   Mediation/ADR Deadline:  January 31, 2020

c.   Discovery cut-off date of September 10, 2020

d.   Expert discovery initial disclosure deadline of June 30, 2020

e.   Expert discovery rebuttal disclosure deadline of August 15, 2020

f.   Expert discovery cut-off date of September 10, 2020

g.   Motion hearing cut-off date of November 30, 2020

h.   Last day to conduct ADR proceeding of January 31, 2021

i.   Final Pretrial Conference date of March 1, 2021

j.   Trial date of May 1, 2021

**S.   Local Patent Rules**

Spectrum proposes to utilize the Local Patent Rules for the Southern District of California but Tandberg proposes to utilize the Local Patent Rules for the

{8316231: }

Northern District of California. The parties disagree as to when the patent disclosures under those Local Patent Rules should begin.

### 1. *Plaintiff's Statement re Local Patent Rules*

Plaintiff believes it would be inefficient to start the patent disclosures required by the either court's Local Patent Rules immediately, as Defendant proposes. The reason is that defendant Michael Tandberg—who admits that he previously owned and operated co-defendant Synthetix5 through his company, Lahar Mfg., Inc.—alleges (in a recently filed motion to strike proof of service) that he is no longer involved in the Synthetix5 business. Spectrum has repeatedly asked Mr. Tandberg and his counsel to reveal the names of the persons or entities that now own and operate Synthetix5, so they can be joined in this lawsuit. But both have refused to do so, despite the fact that, if Mr. Tandberg is telling the truth, he must know to whom he transferred the business.

Spectrum has no choice, therefore, but to compel this information from Mr. Tandberg through formal discovery requests, which may take months. It would be more efficient and fair to wait until all parties of interest have been identified and joined in the action before starting the patent disclosures and claim construction process, especially insofar as the unidentified parties would want input on case deadlines. Spectrum, therefore, proposes that the first patent disclosure deadline not occur until 30 days after Mr. Tandberg discloses the dates, names, and specifics about ownership and control of his Synethtix5 business since Lahar dissolved in 2015.

### 2. *Defendant's Statement re Local Patent Rules*

Tandberg proposes the following dates and methodology for claim construction and Markman hearings in accordance with the Northern District of California Patent Local Rules adopted by this Court. The specific requested dates of are set forth below as follows:

{8316231: }

JOINT RULE 26(f) REPORT

| Event | Parties Requested Dates |
|---|---|
| Plaintiff to serve "Disclosure of Asserted Claims and Infringement Contentions." (N.D. CAL. LPR 3-1) | 9/26/2019 |
| Defendant to serve "Invalidity Contentions." (N.D. CAL. LPR 3-3) | 11/11/2019 |
| Plaintiff to serve "Damages Contentions." (N.D. CAL. LPR 3-8) | 12/30/2019 |
| Defendants to serve "Responsive Damages Contentions." (N.D. CAL. LPR 3-9) | 1/29/2020 |
| Parties exchange lists of claim terms to be construed. (N.D. CAL. LPR 4-1) | 11/25/2019 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence. (N.D. CAL. LPR 4-2) | 12/16/2019 |
| File Joint claim construction and prehearing statement. (N.D. CAL. LPR 4-3) | 1/10/2020 |
| Completion of Claim Construction Discovery. (N.D. CAL. LPR 4-4) | 2/10/2020 |
| Concurrent Claim Construction briefs. (N.D. CAL. LPR 4-5) | 2/24/2020 (opening briefs); 3/9/2020 (response briefs); 3/16/2020 (reply briefs) |
| *Markman* hearing (N.D. CAL. LPR 4-6) | 3/30/2020 (*tentative*) |
| Anticipated *Markman* Ruling | 30 days after *Markman* hearing |
| Amendments to Contentions (N.D. CAL. LPR 3-6) | By Order of Court Upon a Timely Showing of Good Cause |
| Advice of Counsel Information (N.D. CAL. LPR 3-7) | 30 days after Service by the Court of Its Claim Construction Ruling |

**T.    Other Issues**

The Parties are not aware of any special issues at this time.

The filer of this document, Plaintiff's counsel Matthew J. Cavanagh attests that all other signatories listed below, and on whose behalf this filing is submitted,

{8316231: }_____

concur in the filing's content and have authorized the filing.

Respectfully submitted,

s/ Matthew J. Cavanagh

PATRICK M. MALONEY (SBN 197844)
NICOLE A. POTASH (SBN 323240)
THE MALONEY FIRM, APC
2381 Rosecrans Ave., Suite 405
El Segundo, California 90245
Tel: (310) 540-1505
Fax: (310) 540-1507
pmaloney@maloneyfirm.com
npoltash@maloneyfirm.com

DAVID B. CUPAR (*Pro Hac Vice*)
MATTHEW J. CAVANAGH (*Pro Hac Vice*)
McDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Tel: (216) 348-5730
Fax: (216) 348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Attorneys for Plaintiff and
Counterclaim-Defendant
SPECTRUM LABORATORIES, LLC

/s/ Michael M. Ashmadshahi (by consent)

MICHAEL M. AHMADSHAHI (SBN 219933)

AHMADSHAHI LAW OFFICES

Email: mahmadshahi@mmaiplaw.com

2030 Main Street, Suite 1300

Irvine, CA 92614

Tel: (949) 260-4997

Fax: (949) 260-4996

Attorney for Defendant Michael Tandberg

{8316231: }

JOINT RULE 26(f) REPORT

-13-