# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-962-GW-AGRx | Date | March 5, 2020 |
|---|---|---|---|
| Title | *Spectrum Laboratories, LLC v. Michael Tandberg, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Gregory M. Smith | Michael M. Ahmadshahi |

**PROCEEDINGS:** **DEFENDANT TANDBERG'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS PURSUANT TO PATENT L.R. 3-6 [62]**

The Court's tentative ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Plaintiff's Motion is TAKEN UNDER SUBMISSION. Court to issue ruling.

| | : | 08 |
|---|---|---|
| | Initials of Preparer | JG |

<u>*Spectrum Laboratories, LLC v. Michael Tandberg et al*</u>, Case No. 8:19-cv-00962 GW (AGRx)
Tentative Ruling on Defendant Michael Tandberg's Motion to Amend Invalidity Contentions

On May 20, 2019, plaintiff Spectrum Laboratories, LLC, filed this patent infringement case against Defendants Michal Tandberg ("Tandberg") and Synthetix5 ("a business entity of form unknown").[1]  *See* Complaint, Docket No. 1.  Before the Court is Tandberg's motion for leave to amend his invalidity contentions.  *See* Defendant Tandberg's Opening Brief on its Motion for Leave to Amend Invalidity Contentions ("Motion"), Docket No. 62-1.  Plaintiff filed an opposition after the deadline to do so.  *See* Spectrum Laboratories' Opposition to Motion to for Leave to Amend Invalidity Contentions ("Opp'n"), Docket No. 65 (filed February 25, 2020, nine days before the hearing set on the motion, rather than the twenty-one days required by Central District of California Local Rule 7-9).  No reply was filed.

According to Tandberg, he recently learned that Spectrum is illegally selling synthetic urine in the state of California.  Tandberg does not attach a copy of his proposed amended invalidity contentions, but the Motion suggests that he is seeking to add a contention solely for "illegal use, under 35 U.S.C. § 101" as a basis for a claim of patent invalidity.  *See* Motion at 5.

Normally, failure to timely file an opposition is a basis to deem a motion unopposed.  *See* C.D. Cal. L.R. 7-12 (stating that except for summary judgment motions, "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to granting or denial of the motion.").  In this very unusual circumstance, however, and even if Plaintiff had not filed its untimely opposition, the Court would still deny Tandberg's motion.  Tandberg's argument (that "illegal use" in a particular state is considered a basis for patent invalidity) is not supported by the law.  *See Juicy Whip, Inc. v. Orange Bang, Inc.*, 185 F.3d 1364 (Fed. Cir. 1999) ("The requirement of 'utility' in patent law is not a directive to the Patent and Trademark Office or the courts to serve as arbiters of deceptive trade practices.  Other agencies, such as the Federal Trade Commission and the Food and Drug Administration, are assigned the task of protecting consumers from fraud and deception in the sale of food products.").  As this is the only basis Tandberg offers for his proposed amendments to his invalidity contentions and he has not

---

[1] Tandberg has submitted a declaration in support of his current motion stating that he was President and sole Director of Lahar MFG dba Synthetix5 at all relevant times during a prior action in this district.  Tandberg states that Lahar MFG dba Synthetix5 has since dissolved.  *See* Declaration of Michael Tandberg in support of Motion for Leave to Amend Invalidity Contentions, Docket No. 62-2 ¶¶ 5-7.

1

otherwise shown why *Juicy Whip* does not apply here, Tandberg's proposed amendments would be futile.

The Court would **DENY** Tandberg's Motion for Leave to Amend Invalidity Contentions. Docket No. 62.